United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ABM PARKING SERVICES INC, a
California corporation,

        Plaintiff,

   v.

MICHAEL D. MALATIN, an individual,
and PINNACLE AUTOMOTIVE
HOSPITALITY SERVICES, INC., a
corporation.

        Defendants.

———————————————————/

No. C 13-02211 WHA

**ORDER GRANTING IN PART
AND DENYING IN PART
MOTION TO DISMISS
AND VACATING HEARING**

**INTRODUCTION**

In this breach-of-contract action, plaintiff moves to dismiss defendant's counterclaim for declaratory relief. For the reasons stated below, the motion is **GRANTED IN PART** and **DENIED IN PART**. The hearing on August 22, 2013, is **VACATED**.

**STATEMENT**

Plaintiff ABM Parking Services, Inc. filed a complaint against defendants in May 2013 alleging breach of contract, intentional interference with contract, and requesting injunctive relief. In their answer, defendants assert a counterclaim seeking declaratory relief against ABM. The immediate question is whether defendants' counterclaim should be dismissed.

Defendant Michael Malatin is an entrepreneur. In 1997, he founded Healthcare Parking Systems of America, Inc. ("HPSA"), a business that provides valet services to hospitals and

United States District Court

For the Northern District of California

1   other healthcare facilities.  In April 2007, plaintiff ABM entered into an asset-purchase

2   agreement with Malatin and HPSA for the purchase of assets held by HPSA and its subsidiaries.

3   As part of the agreement, Malatin agreed that for a period of ten years he would not own, lease,

4   manage, operate, control or participate in the ownership of a general competitor of ABM (the

5   "APA clause").  A general competitor is defined by the agreement as (Compl. ¶ 16):

6   > [a]ny Person which [*sic*] owns, leases, manages, operates or
    > controls any business or activity (I) competitive with the Business

7   > or (ii) engaged in providing transportation services, parking
    > services, valet parking services, parking management services,

8   > toll collection services, greeting and traffic control or related
    > services within any county in which (x) Seller has conducted the

9   > Business during any time within 30 days prior to the Effective
    > Date, or (y) Buyer or ABM Industries conducts the Business at any

10  > time during the five year period beginning on the Effective Date.

11      After the sale of HPSA to ABM, Malatin was employed by ABM until March 2011.

12  As part of his employment agreement, Malatin signed a second non-compete clause (the "ASEA

13  clause").  Under the ASEA clause, Malatin was precluded from engaging in any business activity

14  that competes directly or indirectly with ABM for two years following Malatin's last day of

15  employment with ABM (Compl. Answer ¶ 24).

16      After resigning from ABM, Malatin founded Pinnacle Automotive Hospitality Services,

17  Inc. in August 2012.  Pinnacle provides automobile dealership service department support and

18  porter services to automotive dealerships.  ABM contends that this constitutes a violation of

19  the APA clause and seeks damages and injunctive relief.  Malatin and Pinnacle submitted

20  twelve affirmative defenses and filed a counterclaim seeking declaratory relief concerning

21  Malatin's obligations under the non-compete provisions contained in both agreements.

22      This order follows full briefing.

23                              **ANALYSIS**

24      A motion to dismiss a counterclaim brought pursuant to FRCP 12(b)(6) is evaluated

25  under the same standard as a motion to dismiss plaintiff's complaint.  To survive a motion to

26  dismiss, a counterclaim must contain sufficient factual matter, accepted as true, to state a claim

27  for relief that is plausible on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007);

28  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).  A court may decline to hear a claim for declaratory

United States District Court

For the Northern District of California

1   relief if adjudication of the issues raised in other claims would determine all matters in

2   controversy between the parties.  *Philips Med. Capital*, *LLC v. Med. Insights Diagnostics Cent.,*

3   *Inc.*, 471 F. Supp. 2d 1035, 1048 (N.D. Cal. 2007) (Judge Jeffrey White).

4           ABM moves to dismiss defendants' counterclaim on the grounds that it is redundant.

5   According to ABM, "the resolution of the issues raised by ABM's claims and [d]efendants'

6   affirmative defenses will necessarily require the determination of whether the non-compete

7   provision of the APA is enforceable" (Br. 6).  Defendants submit that the declaratory relief they

8   seek is broader than the issues covered by ABM's claims because the relief will clarify to what

9   extent Pinnacle's business may be expanded without violating the non-compete clause.

10  Defendants also submit that the scope of the current proceedings does not include Malatin's

11  obligations under the ASEA clause.

12          Defendants state that they intend to expand Pinnacle's business in the future (Opp. 2).

13  Accepting this allegation as true, it is reasonable for defendants to request declaratory relief

14  regarding the enforceability and scope of the APA clause to anticipate yet further litigation.

15  Plaintiff argues that the declaratory relief sought covers only the services currently provided by

16  Pinnacle and not potential future activities.  Not so.  Defendants seek a declaration that "Malatin

17  may own, operate, and manage any business that provides . . . services akin to those provided

18  by Pinnacle" (Compl. Answer ¶ 48).  This covers potential future activities, as can defendants'

19  other claims for declaratory relief.  The facts alleged thus give rise to a counterclaim that would

20  not necessarily be resolved with the other issues.  The counterclaim seeking declaratory relief

21  concerning Malatin's restrictions under the APA clause therefore survives ABM's motion to

22  dismiss.

23          Defendants also seek declaratory judgment concerning the ASEA clause.  As ABM

24  points out, however, Malatin was only bound by that clause for two years after his resignation

25  from ABM, *i.e.* until March 2013 (Reply Br. 5).  Given that ABM concedes Malatin is no longer

26  bound by the ASEA clause, he may proceed with the expansion of Pinnacle without risk of

27  violating the ASEA clause.  Defendants' claim for declaratory relief concerning the ASEA

28  clause will therefore be dismissed.

3

1  For these reasons, ABM's motion to dismiss is **DENIED** as to the APA clause and

2  **GRANTED** as to the ASEA clause.  Because amendment would be futile, defendants will not be

3  allowed leave to amend the dismissed counterclaims.

### CONCLUSION

5  For the reasons stated above, plaintiff's motion is **GRANTED IN PART** and **DENIED IN**

6  **PART**.  Defendants may bring their counterclaims to the extent that they seek declaratory relief

7  concerning the enforceability and the scope of the APA clause.  The August 22 hearing is

8  **VACATED**.

10  **IT IS SO ORDERED.**

12  Dated:  August 15, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

4